

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/08/2013

| | | |
|---|---|---|
| IN RE: § | | |
| S.T.A.R. CONCRETE PUMPING CO., § | CASE NO: 11-36328 | |
| INC.; fdba SAFETY, TEAMWORK AND § | | |
| RELIABILITY, INC. § | | |
|     Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| S.T.A.R. CONCRETE PUMPING CO., INC. § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 13-03137 | |
| § | | |
| SUN COAST RESOURCES, INC. § | | |
|     Defendant(s) § | | |

## MEMORANDUM OPINION

Sun Coast Resources, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 17), is granted, in part, and denied, in part.

### Factual Background

On July 27, 2011, S.T.A.R. Concrete Pumping Co., Inc. filed a voluntary Chapter 11 petition. ECF No. 15 at 3. Prior to the Chapter 11 filing, S.T.A.R. was in the business of providing concrete pumping services for the construction industry. ECF No. 15 at 3.

Sun Coast began delivering fuel to three of S.T.A.R.'s operating locations in 2000. ECF No. 15 at 3. Sun Coast delivered fuel to a 2,000 gallon fuel tank at the Lufkin site, a 6,000 gallon double-walled fuel tank at the Dickinson site, and a 10,000 gallon double-walled fuel tank at the Tomball site. ECF No. 15 at 3.

Prior to the Petition Date, Sun Coast imposed tank rental charges and credit surcharges against S.T.A.R. by adding amounts to the per gallon charge of invoiced fuel. ECF No. 15 at 4.

This per gallon surcharge was to compensate Sun Coast for S.T.A.R.'s credit risk and poor payment history. ECF No. 15 at 5.

Post-petition, Sun Coast continued to supply fuel to S.T.A.R., but required that S.T.A.R. pay in advance for each delivery. ECF No. 15 at 5. S.T.A.R. alleges that its sales representative, Ms. Barnes, repeatedly requested that Sun Coast eliminate the surcharges from the post-petition invoices, but Sun Coast refused. ECF No. 15 at 5. S.T.A.R. felt that the surcharges should be removed because it was paying in advance for the fuel deliveries, and was therefore no longer a credit risk. ECF No. 15 at 5.

S.T.A.R. alleges that in the ordinary course, Sun Coast does not charge a tank rental fee to any customer who orders fuel deliveries at least once per month. ECF No. 15 at 5. S.T.A.R. alleges that although it ordered fuel at least once monthly, it was still charged a tank rental fee. ECF No. 15 at 5.

On January 31, 2013, Lily Hovanesyan, an employee of S.T.A.R., holding herself out as a new customer of Sun Coast with no affiliation to S.T.A.R., contacted Ashley Price, an employee of Sun Coast, seeking information regarding pricing on fuel and tanks. ECF No. 15 at 5. Ms. Price emailed Ms. Hovanesyan a quote offering use of a tank, comparable to those rented by S.T.A.R., with no monthly charge, provided the tank was filled at least once per month. ECF No. 15 at 6. The quote included a fuel price of $3.75 per gallon. ECF No. 15 at 6. On the same date, S.T.A.R. was invoiced at a price of $4.00 per gallon for fuel delivered to its Tomball facility. ECF No. 15 at 6.

S.T.A.R. does not dispute the fact that it was under no contractual obligation to purchase fuel from Sun Coast either pre or post-petition. However S.T.A.R. alleges that it was effectively forced to continue doing business with Sun Coast because no other fuel supplier would supply

fuel to Sun Coast's tanks, and S.T.A.R. was without funds or credit to purchase replacement fuel tanks. ECF No. 15 at 6-7.

S.T.A.R. alleges that the aggregate amount of the surcharge incurred since the Petition Date is $101,605.00. ECF No. 15 at 7. Since S.T.A.R. began paying for fuel in advance of delivery, it asserts that the post-petition surcharges can only be an attempt by Sun Coast to recover on its pre-petition claim, and the collection of surcharges is therefore a violation of 11 U.S.C. § 362(a). ECF No. 15 at 7.

S.T.A.R. also alleges that on or within the ninety days immediately preceding the Petition Date, S.T.A.R. made transfers to Sun Coast of at least $382,083.24 on account of pre-petition fuel deliveries. ECF No. 15 at 8. S.T.A.R. alleges that this amount is recoverable under 11 U.S.C. § 547(b), and that pursuant to § 550(a) S.T.A.R. is entitled to recover the transfers or the amount of the transfers from Sun Coast. ECF No. 15 at 9. S.T.A.R. further alleges that pursuant to § 502(d), Sun Coast's claim against the Estate for $219,819.48 should be disallowed until the amount of the preferential transfers is returned to S.T.A.R. ECF No. 15 at 10.

**Procedural Background**

S.T.A.R.'s Third Amended Joint Chapter 11 Plan of Reorganization was confirmed on September 10, 2012. An Order Granting Motion for Final Decree was entered on June 18, 2013. At S.T.A.R.'s request, the Court did not enter the Order for Final Decree until after the Complaint was filed in this case. The Complaint was filed on June 18, 2013. ECF No. 1. Sun Coast Resources, Inc. filed its initial Motion to Dismiss on July 3, 2013. ECF No. 8. S.T.A.R. filed its Response on July 24, 2013. ECF No. 11. A hearing on the Motion to Dismiss was held on July 30, 2013. At the conclusion of the hearing, the Court preliminarily ruled that it was: (1) denying the Motion to Dismiss with respect to S.T.A.R.'s preference claim; (2) requiring

S.T.A.R. to re-plead with respect to its automatic stay violation claim; and (3) dismissing S.T.A.R.'s Quantum Meruit claim.

S.T.A.R. filed its First Amended Complaint on August 20, 2013.  ECF No. 15.  Sun Coast filed its Motion to Dismiss the First Amended Complaint on August 29, 2013.  ECF No. 17.  S.T.A.R. filed its Response on August 30, 2013.

**Rule 12(b)(6) Standard**

The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).  However, the Court "will not strain to find inferences favorable to the plaintiff."  *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Fed. R. Civ. P. 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."  556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level."  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

**Analysis**

**11 U.S.C. § 547(b) Claim**

Pursuant to 11 U.S.C. § 547(b), a trustee may avoid any transfer made: (1) to or for the benefit of a creditor; (2) on account of an antecedent debt; (3) while the debtor was insolvent; (4) on or within ninety days before the petition date, or between ninety days and one year before the petition date if the creditor was an insider at the time of the transfer.

Sun Coast alleges that S.T.A.R.'s § 547 claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for a lack a of subject matter jurisdiction. It is settled law in the Fifth Circuit that after a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist except for matters pertaining to the implementation or execution of the plan. *U.S. Brass Corp., et al. v. Travelers Ins. Grp., Inc.(In re U.S. Brass Corp.)*, 301 F.3d 296, 304 (5th Cir. 2002).

Resolution of S.T.A.R.'s § 547(b) claim falls squarely within this jurisdictional limitation. On November 2, 2011, Sun Coast filed its general unsecured claim against the Estate in the amount of $219,819.48. Pursuant to S.T.A.R.'s Plan, Sun Coast is entitled to be paid ten percent of its allowed unsecured claim. Under 11 U.S.C. § 502(d), the amount that Sun Coast is entitled to under S.T.A.R.'s Plan is contingent upon the resolution of S.T.A.R.'s § 547 claim. Bankruptcy law governs the dispute between S.T.A.R. and Sun Coast, and the outcome could affect the parties' post-confirmation rights and responsibilities. This proceeding will impact compliance with or completion of S.T.A.R.'s plan. Accordingly, the Court finds that it has post-confirmation jurisdiction over this dispute.

S.T.A.R. has plead sufficient facts to withstand dismissal on its § 547(b) claim. S.T.A.R. alleges that it paid at least $382,083.24 to Sun Coast on account of antecedent debt. Under

§547(f), a debtor is presumed insolvent during the ninety days immediately preceding the petition date. S.T.A.R. alleges that the $382,083.24 was paid within the ninety days before the Petition Date, and S.T.A.R. is therefore presumed to be insolvent at the time of the transfers.

**11 U.S.C. § 362(a) Claim**

S.T.A.R.'s claim under 11 U.S.C. § 362(a) for Sun Coast's alleged violation of the automatic stay is dismissed. Accepting the well pleaded facts as true, and viewing them in a light most favorable to S.T.A.R., the Court finds that S.T.A.R. has failed to state a claim for which relief can be granted. S.T.A.R. and Sun Coast conducted business on the same terms both pre and post-petition. S.T.A.R. has not plead sufficient facts to show that Sun Coast maintained these same terms post-petition in an attempt to recover on its pre-petition claim. S.T.A.R. was not contractually obligated to purchase fuel from Sun Coast. Sun Coast cannot be prejudiced by the fact that S.T.A.R.'s financial circumstances limited its ability to secure fuel from an alternate source. Sun Coast did not demand payment of its prepetition claim. The fact that S.T.A.R. voluntarily decided to continue to do business with Sun Coast is not a stay violation.

S.T.A.R. has failed to state a claim for which relief can be granted on its § 362(a) claim and that claim is dismissed.

### Conclusion

The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **November 8, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE